Opinion issued March 23, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00215-CR

———————————

Anthony Mendez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 351st District Court

Harris County, Texas



Trial Court Case No. 1219691

 



 

MEMORANDUM OPINION

Appellant, Anthony
Mendez, pled guilty to the felony offense of aggravated sexual assault of a
child without an agreed recommendation for punishment from the State, and,
following a pre-sentence investigation (PSI) hearing, the trial court assessed
punishment at ten years’ confinement. See
Tex. Penal Code Ann. § 22.021 (West 2011).  Mendez’s court-appointed
counsel has filed a motion to withdraw from Mendez’s representation on appeal,
stating that a complete review of the record has revealed no arguable grounds
of error.  See Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  Mendez has not submitted a pro se reply
brief.  We have reviewed the
record in its entirety and, having found no reversible error, we grant counsel’s
motion to withdraw and affirm the judgment of the trial court.

Background

Mendez entered an open plea of guilty to the felony offense
of aggravated sexual assault of a child. 
See Tex. Penal Code
§ 22.021 (West 2011). 
The trial court admonished Mendez of the consequences of his plea—including
a written admonishment that Mendez shall register as a sex offender—and
withheld a finding of guilt until completion of a pre-sentence investigation
report.  At the PSI hearing, Mendez
testified that he had a sexual relationship with the complainant, but did not
know that the complainant was a minor.  After
testimony from Mendez, his wife, and his mother-in-law and arguments by
counsel, the trial court found Mendez guilty and assessed punishment at ten
years’ confinement.  Mendez timely filed
his notice of appeal.




 

Discussion

Counsel’s brief meets the minimum requirements of
Anders v. California, 386 U.S. 738,
744, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of
the record and stating why there are no arguable grounds of error on appeal. See Gainous v.
State, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Counsel sent a copy of the brief to Mendez,
requested permission to withdraw, and informed Mendez of his right to file a
pro se response.  Mendez did not file a pro
se response.  

When we receive an Anders
brief from a defendant’s court-appointed attorney who asserts that no arguable
grounds for appeal exist, we must determine that issue independently by
conducting our own review of the entire record. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). Any
pro se response is also considered. See
Bledsoe v. State, 178 S.W.3d 824, 826–28 (Tex. Crim.
App. 2005).

Thus, our role in this Anders
appeal, which consists of reviewing the entire record, is limited to
determining whether arguable grounds for appeal exist.  See id.
at 827.   If we
determine that arguable grounds for appeal exist, we abate the appeal and
remand the case to the trial court to allow the court-appointed attorney to
withdraw.  See id.  Then, the trial
court appoints another attorney to present all arguable grounds for appeal.  See id.
 If we determine that arguable grounds
for appeal do exist, Mendez is entitled to have new counsel address the merits
of the issues raised.  See id.  “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.” Id.

On the other hand, if our independent review of the record
leads us to conclude that the appeal is wholly frivolous,
we may affirm the trial court’s judgment by issuing an opinion in which we
explain that we have reviewed the record and find no reversible error.  Bledsoe,
178 S.W.3d at 826–28. 
Mendez may challenge the holding that there are no arguable grounds for
appeal by petitioning for discretionary review in the Court of Criminal
Appeals.  Id. at 827 & n.6.

Following Anders
and Bledsoe, we have reviewed the
record and counsel’s Anders brief.  We conclude that no reversible error exists.  Consequently, we affirm the judgment of the
trial court and grant counsel’s motion to withdraw.[1]




 

Conclusion

We affirm the judgment of the trial court and grant appointed
counsel’s motion to withdraw.

 

 

 

                                                                      Jane
Bland

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp. 
Justice Sharp, concurring with the judgment, in an
opinion to follow.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]         Appointed
counsel still has a duty to inform appellant of the result of this appeal, send
appellant a copy of this opinion and judgment, and notify appellant that he
may, on his own, pursue discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 48.4; see also Bledsoe, 178 S.W.3d at 827; Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997); Stephens v. State, 35
S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.]
2000, no pet.).